UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20106-CR-ROSENBAUM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MESCHACH THOMPSON and
SHADRACH THOMPSON,

        Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF EXTRINSIC ACTS

This matter is before the Court on Defendants Meschach and Shadrach Thompson's Motion to Exclude Evidence of Extrinsic Acts [D.E. 81]. The Court has reviewed Defendants' Motion, all supporting and opposing filings, and the record in this case and is otherwise duly advised in the premises. After careful consideration, the Court now denies Defendants' Motion to Exclude for the reasons set forth below.

### *I. Background*

Defendants Meschach and Shadrach Thompson are charged by indictment with conspiracy to possess with intent to distribute oxycodone and possession with intent to distribute oxycodone. In anticipation of trial in this case, the Government filed its Notice of Intent to Rely on 404(b) Evidence Regarding Defendant[]s['] Acts [D.E. 70] ("Notice"). Through this Notice, the Government advises Defendants and the Court of its intention under Rule 404(b), Fed. R. Evid., to present evidence relating to a November 2010 oxycodone-possession arrest of Defendants by the

state of Massachusetts. *See* D.E. 70.

More specifically, according to the Government, on November 11, 2010, officers from Lakeville Massachusetts Police Department encountered a disabled vehicle on the side of the road. Defendants were in the car. When police asked Defendants what happened, Defendants responded that they had run out of gas, and their friend had gone to get some to refill the tank. Because the officers indicated that they smelled marijuana emanating from the car, they removed Defendants from the car and searched it. There, officers discovered a small amount of marijuana and one oxycodone pill under a seat.

Officers then picked up Ashante Bryant, who was walking back to the car with a gas can. Bryant told the officers that he had rented a room at a local Days Inn. Police called in a Massachusetts State Police K-9 unit to assist. When the officers asked Bryant whether they could search his room, Bryant consented. During the search of Bryant's hotel room, officers discovered a small amount of marijuana and more than 1,000 30-milligram oxycodone pills in two separate duffel-type bags. Bryant advised officers that the bags belonged to Defendants. But, when confronted, Defendants denied ever entering the hotel room and likewise denied ownership of the duffel-type bags containing the oxycodone.

Officer then obtained and viewed the security footage from the Days Inn and observed both Defendants entering the hotel carrying the duffel-type bags that were later found to contain oxycodone pills. Defendants and Bryant were arrested and charged with possession for sale of the oxycodone pills.

With respect to the particular evidence of these events that the Government seeks to introduce, the has indicated that it desires to present only the surveillance video that shows

Defendants carrying the duffel-type bags into the hotel and the testimony of a Massachusetts police officer that those bags were subsequently found to contain approximately 1,000 oxycodone pills. D.E. 94 at 7-8.

Defendants object to Defendants' Notice, arguing that "[t]he initial detention of the co-defendants and the third person was unlawful, and "the entire chain of events" in Massachusetts is the subject of a motion to suppress evidence. *See* D.E. 81 at 5 & 5 n.2. According to Defendants, they were detained at their car, under physical restraint, for more than two hours during the events described by the Government. Relying on their characterization of the state's conduct in investigating the Massachusetts events as illegal and unconstitutional, Defendants assert that evidence pertaining to the Massachusetts events should be excluded from the pending case. *See id.* at 6 (quoting *United States v. Bienvenido Ozuna*, 129 F. Supp. 2d 1345 (S.D. Fla. 2001)). Defendants further contend that the Government's disclosure was untimely and that the evidence sought to be offered by the Government is "[f]ar likely to be more prejudicial than probative . . . ." *Id.* at 7.

In their Reply filed on July 25, 2012 [D.E. 100], Defendants also urge that "[w]hile the government points to disavowals of ownership by [Defendants of the duffel-type bags], the discovery materials . . . contain so many conflicting statements attributed to the three detainees made at different times that there was no reasonable way to *know*, pragmatically, who owned or possessed what." D.E. 100 at 4. Defendants do not suggest that the evidence of the Massachusetts events is not relevant to establishing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" under Rule 404(b), Fed. R. Evid.

## II. Discussion

Under Rule 404(b), Fed. R. Evid., "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The rule further provides, however, that "[e]vidence of other crimes, wrongs, or acts" may be admitted "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," as it relates to the charged offense. As the Eleventh Circuit has described Rule 404(b), it is one "of inclusion[;] . . . accordingly, '404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case.'" *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (citation omitted).

In the Eleventh Circuit, 404(b) evidence must satisfy a three-part test to be admissible:

(1) [I]t must be relevant to one of the enumerated issues and not to the defendant's character;

(2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and

(3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403.

*United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000) (citation omitted). Here, all three requirements are fulfilled.

First, as Defendants implicitly concede by not challenging the Government's contention that the 404(b) evidence is relevant to establishing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" under Rule 404(b), the evidence at issue pertains not to Defendants' character, but rather, to their alleged intent, preparation, plan, knowledge,

or absence of mistake or accident. Moreover, an independent review of the facts confirms the Government's satisfaction of the first requirement.

In this regard, Defendants' alleged possession of bags of distribution quantities of oxycodone pills in November 2010 reflects on Defendants' intent to distribute oxycodone pills during the charged period. As the Government explained in its brief, a defendant "who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995) (citation omitted). To establish relevance where evidence of extrinsic acts is offered as proof of intent, "it must be determined that the extrinsic offense requires the same intent as the charged offense." *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) (citations and internal quotation marks omitted). Both the proposed 404(b) evidence and the charged conduct involve possession with intent to distribute oxycodone — indeed, in the same, exact form — 30-milligram oxycodone pills. As a result, the November 2010 incident certainly reflects on Defendants' intent with regard to the charged conduct. *See United States v. Eduoard*, 485 F.3d 1324, 1345 (11th Cir. 2007); *Dickerson*, 248 F.3d at 1047; *United States v. Cardenas*, 895 F.2d 1338, 1343 (11th Cir. 1990); *Delgado*, 56 F.3d at 1365-66; *United States v. Dorsey*, 819 F.2d 1055, 1060 (11th Cir. 1987).

As for the second prong, the Government fulfills this requirement if it introduces sufficient evidence to allow the jury to find by a preponderance of the evidence that the prior acts did, in fact, occur. *United States v. Bowe*, 221 F.3d 1183, 1192 (11th Cir. 2000) (citation omitted). "In this circuit, the uncorroborated word of an accomplice . . . provides a sufficient basis . . ." to meet the preponderance-of-the-evidence standard. *Id.* (citation omitted). Here, the 404(b) evidence includes

a surveillance video of Defendants carrying the duffel-type bags in question into the hotel lobby and the testimony of a Massachusetts police officer that those bags were later found to contain approximately 1,000 30-milligram oxycodone pills. Assuming that the evidence comes in as the Government has described, this evidence suffices to allow a jury to find by a preponderance of the evidence that the November 2010 Massachusetts incident happened.

Finally, the circumstances of the prior act govern whether the act's probative value outweighs its prejudicial effect. *Edouard*, 485 F.3d at 1345 (citation omitted). Factors that the Eleventh Circuit has deemed relevant to making this analysis include (1) whether it appears at the commencement of trial that the defendant will contest the issue of intent; (2) the overall similarity of the charged and extrinsic acts; and (3) the temporal proximity between the charged and extrinsic offenses. *Id.* In the pending case, all of these considerations favor the Government.

First, Defendants appear in this matter to contest the element of intent. And, in view of the circumstantial nature of the Government's case against Defendants — neither of whom was found or even observed in actual possession of the oxycodone pills charged, evidence of intent is likely to be the central focus of the trial. The Eleventh Circuit has repeatedly concluded that "[t]he greater the government's need for evidence of intent, the more likely that the probative value will outweigh and possible prejudice." *United States v. Hicks*, 798 F.2d 446, 451 (11th Cir. 1986) (citing *United States v. Russo*, 717 F.2d 545, 552 (11th Cir. 1983)). Under these circumstances, the first aspect of the Rule 403, Fed. R. Evid., test is satisfied.

Second, as previously discussed in the context of the analysis of the first prong under Rule 404(b), the overall similarity of the charged and prior acts is substantial. Both acts allegedly involved distribution quantities of 30-milligram oxycodone pills.

Third, less than eight months separates the prior act and the charged offense. This period falls well within the range of permissible temporal proximity in the Eleventh Circuit. *See, e.g., Edouard*, 485 F.3d at 1345-46 (two-year interval between prior and charged acts acceptable); *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (fifteen-year time span between prior and charged acts acceptable); *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) (six-year period between prior and charged acts acceptable). Under these circumstances, the November 2010 alleged acts are admissible under Rule 404(b).

Nor, as Defendants suggest, does the fact that Defendants are currently seeking to suppress evidence in the Massachusetts prosecution alter the result. As Defendants note, the Honorable Adalberto Jordan has previously concluded that the exclusionary rule applies to Rule 404(b) evidence. *See United States v. Ozuna*, 129 F. Supp. 2d 1345, 1351 (S.D. Fla. 2001) (citing *United States v. Hill*, 898 F.2d 72, 74 (7th Cir. 1990), and *United States v. Hill*, 60 F.3d 672 (10th Cir. 1995)). To conclude otherwise, Judge Jordan reasoned, "would open a back door to the admission of unconstitutionally obtained evidence and frustrate the policy of deterrence which underlies the rule." *Id.* This Court agrees with Judge Jordan that evidence unconstitutionally obtained in violation of a defendant's Fourth Amendment rights should be admissible neither to prove an indicted offense nor an extrinsic one.

But that principle does not affect the analysis in this case. Defendants have not demonstrated that the surveillance video and the Massachusetts officer's discovery of the oxycodone pills in Defendants' luggage were obtained in violation of Defendants' rights.[1] First, the surveillance video

---

[1] No suppression hearing was requested or held in this case regarding the Massachusetts evidence. Moreover, in conducting its exclusionary-rule analysis, the Court has considered only that evidence that the parties have provided in this case. This determination does not purport to

was created by and obtained from the hotel, not law enforcement. Other than to suggest that the video may constitute "fruit of the poisonous tree," Defendants have suggested nothing violative of their rights in the Government's procuring of this evidence.

And Defendants' claims of "fruit of the poisonous tree" cannot serve to exclude either the hotel surveillance video or the officer's discovery of the pills. First, Bryant, not Defendants directed law enforcement to the hotel room. Second, neither Defendant owned or rented the hotel room where the drugs were found. Third, Defendants affirmatively disclaimed any possessory interest in the room, as well as any possessory interest in the duffel-type bags where the oxycodone was found. As a result, Defendants have not demonstrated a reasonable expectation of privacy in the room's contents, and, thus, standing. *See Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). While Defendants argue that they were unconstitutionally detained in a car while police searched Bryant's hotel room after Bryant consented, even assuming, *arguendo*, that Defendants were illegally detained, such a circumstance does not bear on the admissibility of evidence discovered separately in a hotel room in which Defendants disclaimed an interest. Nor does Defendants' hazy reference to "so many conflicting statements attributed to the three detainees," *see* D.E. 100 at 4, change the analysis. Against that general description, the Government asserts that Defendants specifically disavowed any possessory interest in the hotel room and the duffel-type bags. And Defendants do not challenge that characterization. A person who abandons or denies ownership of personal property may not contest the constitutionality of its subsequent acquisition or search by the police. *See United States v. Ramos*, 12 F.3d 1019, 1024-25 (11th Cir. 1994).

---

rule on Defendants' motion to suppress pending before the Massachusetts court.

### *III. Conclusion*

For the foregoing reasons, the Court **DENIES** Defendants Meschach and Shadrach Thompson's Motion to Exclude Evidence of Extrinsic Acts [D.E. 81].

**DONE and ORDERED** this 5th day of August 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record